**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

CURTIS URQUHART                                                                                       PLAINTIFF

v.                                           No. 1:04CV00022 JLH

JOHN HEIER, *et al.*                                                                                  DEFENDANTS

**OPINION AND ORDER**

Pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Judge H. David Young conducted an evidentiary hearing following which he submitted proposed findings of fact and recommendations for disposition. Curtis Urquhart has objected to the proposed findings of fact and recommendations for disposition. The undersigned listened to the tape of the evidentiary hearing, reviewed the exhibits introduced into evidence, and hereby makes a *de novo* determination of those portions of the report to which objection is made.

Urquhart lists three grounds in his objections to the proposed findings and recommendations, but "Ground One" is actually two grounds. First, Urquhart objects that the Magistrate Judge failed to find that his due process rights were violated because Warden Sara McQuilliams should not have answered his original grievance when she was one of the parties against whom he was making a complaint. The undisputed evidence shows that Urquhart had the right to appeal to the deputy/assistant director of the Arkansas Department of Correction and in fact did appeal to the deputy/assistant director. Even if it were a violation of due process for Warden McQuilliams to answer the original grievance, which we do not decide, Urquhart's due process rights were properly protected by the appeal to the deputy/assistant director.

Secondly, Urquhart notes that the Magistrate Judge failed to address his claim that his constitutional right to bodily privacy was violated because he was forced to undress and to remain

nude in the hallway for six hours under circumstances in which he could be seen by female employees. The Eighth Circuit has addressed this issue in two cases. In *Timm v. Gunter*, 917 F.2d 1093 (8th Cir. 1990), the court held that allowing female guards to perform pat searches and surveillance of male prisoners was a reasonable regulation, not a constitutional violation. *Id*. at 1100. The court reasoned:

> Although an inmate may very well retain some privacy rights when entering a prison, such rights, when balanced against the legitimate equal employment rights of male and female guards, and against the internal security needs of the prison, must give way to the use of pat searches on a sex-neutral basis as performed at [the Nebraska State Penitentiary].

*Id*. Likewise, "[w]hatever minimal intrusions on an inmate's privacy may result from [surveillance by female employees], whether the inmate is using the bathroom, showering, or sleeping in the nude, are outweighed by institutional concerns for safety and equal employment opportunities." *Id*. at 1102.

In *Hill v. McKinley*, 311 F.3d 899 (8th Cir. 2002), the court held, first, "we cannot say in light of precedent that it is a violation of a prisoner's Fourth Amendment privacy rights for a male guard to require a loud and violent female prisoner to disrobe in his presence before placing her in a padded cell for her own safety." *Id*. at 903 (citing *Timm*, 917 F.2d at 1102). Secondly, where there was no other guard available to take an unruly female prisoner to a padded cell, the court held "that use of male guards in an otherwise justified transfer of an unruly and naked female prisoner is not a violation of the Fourth Amendment." *Id*. at 903. Thirdly, the court held that the continued nakedness of the female prisoner in the presence of male guards after she had been restrained violated her Fourth Amendment rights. The court explained:

> Viewing the conflicting evidence in a light favorable to Hill, we assume that the jury found that she remained unclothed in the presence of male guards for more than a brief period of time. The interests of safety and security asserted by the defendants are sufficient to support the prompt restraining of a violent prisoner, even when she is naked and some male guards must be used to perform the procedure. Those same interests do not justify the continued exposure of a prisoner's genitals once she has been restrained and no longer poses any threat to herself or others. Hill's inability to minimize the privacy invasion by turning or covering herself in any way distinguishes this case from cases where opposite-sex monitoring is justified by security and safety concerns. *Timm*, 917 F.2d at 1102 (upholding opposite-sex monitoring and pat searches where inmates can shield themselves with a towel while in the toilet or shower and same-sex rule would significantly affect the cost of staffing and resources). Thus, we hold that Hill's Fourth Amendment rights were violated when the defendants allowed her to remain completely exposed to male guards for a substantial period of time after the threat to security and safety had passed.

*Id*. at 903-04. The evidence here is substantially similar to the evidence in *Hill*. Here, legitimate concerns for safety prompted the Emergency Response Team, consisting of six males, to require all of the prisoners to be disrobed so that they could be searched for weapons, handcuffed to prevent them from attacking other prisoners or prison employees, and moved outside the barracks while investigation and clean-up ensued. However, those same concerns did not justify the continued exposure of the prisoners' genitals after they had been searched, handcuffed and moved so that they no longer posed any threat to themselves or others. The prisoners were left naked, with their genitals exposed, in the view or potential view of female employees, for a period of six hours. During that time, they were unable to minimize the privacy invasion by turning or covering themselves. Thus, this case is substantially similar to *Hill v. McKinley*, where the court held that the prisoner's Fourth Amendment rights were violated when the defendants allowed her to remain completely exposed to guards of the opposite sex for a substantial period of time after the threat to security and safety had passed. *Id*. at 904.

In *Hill*, the court held that the defendants were entitled to qualified immunity because the cases did not clearly establish that the defendants' conduct was unconstitutional in 1996 when the event occurred. *Hill* was decided on November 26, 2002. The event in question here occurred in June 2003. Thus, the law applicable to this case was clearly established at the time of the event in question, and it was established with sufficient specificity that the defendants should have known that their conduct was unconstitutional.

Next, Urquhart objects to the proposed findings and recommendations because the Magistrate Judge did not address the issue of his personal property. At the evidentiary hearing, the defendants offered into evidence, without objection, a personal property record signed by Urquhart on June 26, 2003, stating that all of his property had been returned after the incident on June 23, 2003. Therefore, the Court finds that Urquhart has failed to prove his claim that personal property was not returned to him following the incident.

Finally, Urquhart complains that the plastic cuffs used on the night in question were too tight and caused damage to his wrists. The proposed findings and recommendations of the Magistrate Judge addressed this issue specifically. Upon *de novo* review, the findings are adopted, and the recommended disposition (that the claim of excessive force be dismissed) is also adopted.

Defendant John Moss testified that he was not present during the incident. His testimony is undisputed. Therefore, Urquhart's claims against him are dismissed. Larry May is an administrator who was not involved in the incident in which Urquhart was handcuffed and left naked in sight of female employees. Therefore, Urquhart's claims against him are dismissed. No evidence was introduced as to Lt. Heier or Ms. Mayguard, so plaintiff's claims are dismissed as to them. Elmer Bolia, Sara McQuilliams, and Curtis Meinzer were all on duty and had some involvement in the

incident in question. Each of them had authority to return Urquhart's clothing or take other appropriate steps to protect his privacy after he had been strip-searched and handcuffed.

On Urquhart's claim that his right to privacy was violated, the Court finds in his favor and awards damages in the amount of $500.00, jointly and severally, against defendants Elmer Bolia, Sara McQuilliams, and Curtis Meinzer. A separate judgment will be entered.

IT IS SO ORDERED this 17th day of January, 2006.

                                      */s/ J. Leon Holmes*
                                      J. LEON HOLMES
                                      UNITED STATES DISTRICT JUDGE